**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEVEN R. JAFFE,

    Plaintiff,

v.

COUNTY OF SANTA CLARA, VALLEY MEDICAL CENTER, SUSAN MURPHY, IRA LUBELL, M.D., ROBERT BOWMAN, M.D., MONEESHA PINTO, M.D., MARIA ALTO, DAVID BURTON and MARYANNE BARRY,

    Defendants.

No. C 03-00137 WHA

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**INTRODUCTION**

In this civil-rights action, plaintiff moves for leave to file a first amended complaint to add state-law claims. Defendants oppose on the ground that plaintiff has not complied with the necessary statutory procedure for bringing state-law claims against a public entity. For the reasons stated below, plaintiff's motion is **GRANTED**.

**STATEMENT**

This suit arises out of defendants alleged failure to treat plaintiff's injuries while he was in the custody of Santa Clara County Jail ("SCCJ"). Jaffe alleges several physicians — the individual defendants in this suit — at the Santa Clara Valley Medical Center ("VMC") refused to order a necessary shoulder surgery or prescribe any adequate pain relief medication during his time in custody between January 16, 2002, to May 8, 2003. As a result of defendants' conduct, Jaffe alleges he suffered unnecessary and traumatic pain.

1    On January 9, 2003, Jaffe filed a pro se civil rights complaint on a preprinted form
2 provided to him by the SCCJ detailing the medical treatment he had been provided (Blavin
3 Decl. Exh. A). In particular, the complaint outlined the VMC's refusal to: (i) order shoulder
4 surgery and (ii) prescribe pain medication. Jaffe requested both monetary and injunctive
5 relief and asked the Court to appoint counsel due to his unfamiliarity with the legal process.
6 The request to appoint counsel was denied "without prejudice to the Court's sua sponte
7 reconsideration should the circumstances materially change" (*id.* at Exh. C).
8 The preprinted-form complaint did not have any section relating to state-law claims or
9 notice of claim procedures.

10    On February 17, 2004, the Court granted defendants' summary judgment motion on the
11 ground that Jaffe had failed to exhaust administrative remedies (Dkt. 37). The Ninth Circuit
12 vacating the decision and remanded, holding that Jaffe had exhausted all administrative
13 remedies available to him. *See Jaffe v. County of Santa Clara*, 149 Fed. Appx. 662 (9th Cir.
14 2004).

15    After continued motion practice, the Court found there was a triable issue of material
16 fact in regards to certain claims against individual defendants Ira Lubell, Robert Bowman, and
17 Moneesha Pinto. The remaining claims against all other individual defendants were dismissed.
18 A few months later in December 2007, Jaffe was appointed counsel. The case was then
19 reassigned to the undersigned in February 2008.

20    Jaffe now moves to file a first amended complaint adding three state-law claims:
21 (1) violation of California Government Code Section 845.6, (2) medical malpractice, and
22 (3) intentional infliction of emotional distress. California Government Code Section 845.6
23 "limits the duty to provide medical care for prisoners to cases where there is actual or
24 constructive knowledge that the prisoner is in need of immediate medical care." The first
25 amended complaint alleges that defendants refused to authorize surgery or prescribe pain
26 medication even though defendants were aware, or should have been aware, that Jaffe was in
27 need of such medical care (FAC ¶¶ 49–52). In addition, the first amended complaint alleges
28

defendants breached their duty of professional care and engaged in conduct either intentionally or recklessly that caused Jaffe to suffer severe emotional distress (*id*. at ¶¶ 53–65).

## ANALYSIS

Under the California Tort Claims Act, a "notice-of-claim" must be filed for actions against a public entity for personal injury "not later than six months after the accrual of the cause of action." Cal. Gov. Code § 911.2(a). The purpose of the "notice-of-claim" requirement is "to give the public entity the opportunity to evaluate the merit and extent of its liability and determine whether to grant the claim without the expenses of litigation." *Crow v. State of California*, 222 Cal. App. 3d 192, 202 (1990). A plaintiff must then file her state claims within two years from when the public entity responds to the notice of claim. Cal. Gov. Code § 945.6(a)(1). There are thus two procedural requirements when bringing a claim for personal injury against a public entity: (i) that *notice of claim* is made to the public entity and (ii) that the state-law action be filed within the *statute of limitations* period, *i.e.*, two years.

Defendants argue that Jaffe's motion for leave to amend should be denied because his state-law claims would be barred by the notice of claim requirements of the California Tort Claims Act. For the reasons stated below, the doctrine of equitable tolling applies to any failure by Jaffe to file a notice of claim. In addition, under the relation-back doctrine, plaintiffs' state-law claims have been properly brought within the statute of limitations period.

**1.     LEGAL STANDARD.**

Leave to amend a complaint "shall be freely given when justice so requires" under Rule 15(a). This standard is applied liberally. "In the absence of any apparent or declared reason — such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. — the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Even with a liberal standard for amendments, "leave to amend should be . . . granted more liberally to pro se plaintiffs." *Lira v. Herrera*, 427 F.3d 1164, 1176 (9th Cir. 2005).

**2.     JAFFE'S PERIOD IN WHICH TO FILE A NOTICE OF CLAIM HAS BEEN TOLLED.**

3

Defendants first incorrectly argue that "presentation of a claim under the California Tort Claims Act is a mandatory prerequisite to maintaining a cause of action against a public entity" and Jaffe's failure to file a notice of claim acts as an automatic bar to any amendments — disregarding the applicability of equitable tolling. This is not an accurate reflection of California law. In *Addison v. State*, 21 Cal. 3d 313, 316 (1978), the defendants argued that under the California Tort Claims Act "the equitable tolling doctrine should be held inapplicable to actions against public entities." *Id*. at 319. The California Supreme Court rejected this argument in *Addison* holding:

> The Tort Claims Act describes the specific steps which must be taken before a civil action for money or damages may be brought against a public entity. First, plaintiff must present a claim (§§ 905, 905.2, 915) to the appropriate agency within 100 days after accrual of the cause of action (§ 911.2). Thereafter, the agency has 45 days within which to accept or reject the claim (§ 911.6). If the claim is rejected in writing (§ 913), plaintiff has six months thereafter within which to bring a court action (§ 945.6). It has been held that "The prescribed statutes of limitations for commencement of actions against the state are mandatory and must be strictly complied with . . . ." As will appear, however, occasionally and in special situations, the foregoing statutory procedure does not preclude application of the equitable tolling doctrine, the purpose of which is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court.

After finding that little prejudice would result from applying the equitable tolling doctrine to the government agency, the court went on to further emphasize "the policy of the law of [California] which favors avoiding forfeitures and allowing good faith litigants their day in court." *Id*. at 320–21.

In *Addison*, however, it was undisputed that the plaintiff had filed a timely notice of claim with the state — it was the statute of limitations period that was tolled. Defense counsel points out that plaintiff has cited to no case where the notice of claim period was tolled after a plaintiff failed to give timely notice to the government agency. This may be so. But the language of the California Supreme Court is clear in holding that the doctrine of equitable tolling may apply under the appropriate circumstances to toll the period in which to file a timely notice of claim. In addition, in *Loehr v. Ventura County Cmty. Coll. Dist.*, 147 Cal.App.3d 1071, 1085 (1983), although the court ultimately chose not to equitably toll the notice of claim

4

period, it did recognize that it was a possibility. It was only after the court analyzed the appropriate factors as applied to the particular circumstances of the case that the plaintiff's equitable tolling argument was rejected. This order finds that the doctrine of equitable tolling can apply to the notice of claim procedures of Section 911.2(a) and will now determine whether the doctrine should be applied to the particular facts of this case.

Defendants' opposition brief hopelessly confuses the doctrines of equitable tolling and equitable estoppel. Defendants go on at length to argue that Jaffe does not meet the requirements for equitable tolling, but they consistently substitute "equitable estoppel" apparently because they have confused the two doctrines. Jaffe's state-law claims are then evaluated using the standard employed under the doctrine of equitable estoppel. What is at issue here, is the doctrine of equitable *tolling*, not equitable estoppel.

Under California law, application of the equitable tolling doctrine involves an inquiry into "three-core elements:" (1) timely notice to the defendant of the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim. *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983). The doctrine may apply to toll a state action during the pendency of a federal action even though the two actions could have been brought together. *See Nichols v. Canoga Industries*, 83 Cal. App. 3d 956 (1978).

Here, the period in which Jaffe could file his notice of claim has been tolled. *First*, Jaffe's Section 1983 claim gave timely notice to defendants "of the need to begin investigating the facts which form the basis for the second claim," *i.e.*, Jaffe's notice of claim. *Collier*, 142 Cal. App. 3d at 924. Jaffe filed his original complaint while he was still in custody at the SCCJ. Defendants do not dispute that they received timely notice of Jaffe's Section 1983 claim within the limitations period.

*Second* is the lack of prejudice that would result from allowing Jaffe to amend his claims. The inquiry into undue prejudice:

> essentially translates to a requirement that the facts of the two claims be identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second. Yet the two "causes of action" need not be

5

> absolutely identical. The critical question is whether notice of the first claim affords the defendant an opportunity to identify the sources of evidence which might be needed to defend against the second claim.

*Id*. at 925. Defendants contend they would be unduly prejudiced if Jaffe were allowed to include his state-law claims because they were not able to evaluate "the merit and extent of its liability" under the negligence standard used for the state-law claims. But this type of hardship does *not* bar the application of equitable tolling. In fact, this very argument was rejected in *Collier*, 142 Cal. App. 3d at 925–26:

> So long as the two claims are based on essentially the same set of facts timely investigation of the first claim should put the defendant in position to appropriately defend the second. Once he is in that position the defendant is *adequately protected from stale claims and deteriorated evidence*. In terms of the underlying policies of the statutes of limitation, it is irrelevant whether those two claims are alternative or parallel, consistent or inconsistent, compatible or incompatible (emphasis added).

The inquiry thus centers on whether the defendant would be prejudiced in investigating and gathering evidence relating to the newly added claims. Defendants have not shown such prejudice. Nor could they. To the contrary, Jaffe's Section 1983 claim is based on the identical facts and circumstances that his proposed state-law claims are based. For over five years defendants have been aware of Jaffe's complaint. During this time, the evidence needed to properly defend against the proposed state-law claims should have been gathered and investigated in conjunction with the pending civil-rights action.

Third, Jaffe's state-law claims have been brought in good faith. When Jaffe filed his original complaint he was representing himself *pro se*. He used a preprinted-complaint form provided to him by the SCCJ. Given his lack of legal experience, Jaffe could not have been expected to be aware of any underlying state-law claim he may have had. After being appointed counsel, Jaffe has timely moved for leave to add state-law claims to his complaint. The only argument defendants have made that remotely deals with whether Jaffe has acted in good faith is that ignorance of his claims is not an excuse to justify any delay. But ignorance of the law does is not probative of good faith. Bad faith requires a more affirmative showing. *See id*. at 926

6

1  ("[I]f the plaintiff deliberately misled the defendant into believing the second claim would not be
2  filed, that action might be deemed to constitute bad faith.")

3  In sum, defendants have made no showing demonstrating how they would be prejudiced
4  by the inclusion of the state-law claims or any of lack of notice regarding the circumstances
5  surrounding Jaffe's state-law claims. Accordingly, this order finds that the period in which Jaffe
6  should have made his notice of claim was told from January 9, 2003 (the date Jaffe filed his
7  Section 1983 claim) and December 19, 2007 (the day Jaffe was appointed counsel). Jaffe has
8  already filed a notice of claim within the new proper time period. Under the same analysis, the
9  statute of limitations period for Jaffe's state-law claims would also be tolled and this would end
10 the story. The doctrine of equitable tolling, however, does not apply to medical malpractice
11 claims. *See Belton v. Bowers Ambulance Serv.*, 20 Cal. 4th 928, 931 (1999). Nonetheless,
12 Jaffe's medical malpractice claim is saved by the relation-back doctrine.

### 3. THE RELATION-BACK DOCTRINE APPLIES TO JAFFE'S STATE-LAW CLAIMS.

Under the relation-back doctrine, if "a new cause of action added by amendment 'relates back' to the claims of the initial complaint, the new cause of action will be deemed, for purposes of the statute of limitations, to have been filed on the date of filing of the initial complaint." *Brumley v. FDCC California, Inc.*, 156 Cal. App. 4th 312, 319 (2007). An amended pleading will "relate back" if it: (1) rests on the same general set of facts as the original complaint and (2) refers to the same accident and the same injuries as the original complaint. *San Diego Gas & Elec. Co. v. Superior Court*, 146 Cal. App. 4th 1545, 1549 (2007).

Jaffe's proposed amended complaint sets out the same facts as the original complaint. The additional state-law claims are based on the same allegations underlying Jaffe's civil rights claim. In particular, in both the original complaint and the proposed amended complaint Jaffe alleges that defendants refused to order a vital shoulder surgery for him or prescribe him necessary pain medication. Jaffe's alleged injuries in his civil-rights action are the same injuries giving rise to his state-law claims.

Defendants confusingly argue that Jaffe is barred from relying on the relation-back doctrine because he did not timely file a notice of claim. This issue, however, only implicates

7

whether Jaffe is barred from bringing his state-law claims because he failed to give a timely *notice of claim*. The relation-back doctrine analysis involves determining whether Jaffe can bring his state-law claims even though the *statute of limitations* period has expired — *i.e.*, the second procedural requirement discussed above.

Defendants next return to an earlier argument that the relation-back doctrine is inapplicable because the added state-law claims present wholly different legal theories of recovery. Not so. The inquiry under the relation-back doctrine concentrates on whether the amended pleading is based on the same *facts* as the original, not the same *legal theories*.

This order finds that Jaffe's state law clams are not barred by the statute of limitations because they relate back to Jaffe's original complaint filed on January 9, 2003.

## CONCLUSION

For the reasons stated above, plaintiff's motion for leave to file a first amended complaint is **GRANTED**. Because medical malpractice claims require a ninety day advanced notice before filing, plaintiffs may file the amended complaint by **JULY 16, 2008**. The parties had previously stipulated to this date. Defendants must file their answer by **AUGUST 8, 2008**. All scheduled deadlines remain unchanged.

**IT IS SO ORDERED.**

Dated: May 13, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE